**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. # 9803018202B |
| | ) | |
| DAVID M. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: May 22, 2018
Decided: June 8, 2018

**ORDER DENYING DEFENDANT'S REQUEST FOR A CERTIFICATE OF
ELIGIBILITY TO FILE UNDER
<u>11 Del. C. § 4214(f) AND Del. Super. Ct. Spec. R. 2017-1(d)</u>**

This 8th day of June, 2018, upon consideration of the Request for Certificate of Eligibility filed on behalf of David M. Williams (the "Request"), the Attorney General's response thereto, Williams' reply in further support of the Request, the parties' supplemental submissions, and the record in this matter, it appears to the Court that:

1.     On August 25, 1999, following a two-day trial, a Superior Court jury convicted Williams of two counts of Attempted Burglary Second Degree, one count of Possession of Burglary Tools, and one Count of Criminal Mischief < $1,000.[1] Before sentencing, the Court granted the State's habitual offender petition

---

[1] Williams also was indicted for charges of Forgery Second Degree and Attempted Criminal Impersonation. Those charges were severed under Cr. I.D. No. 9803018202A.

with respect to both Attempted Burglary counts.[2] Under the then-extant Habitual Criminal Act, Williams could not receive a sentence of less than eight years for each count of Attempted Burglary and could be sentenced to a term of natural life imprisonment.[3] The Court sentenced Williams on October 8, 1999, as follows: (1) as to the first count of Attempted Burglary Second Degree, 12 years at Level V; (2) as to the second count of Attempted Burglary Second Degree, 12 years at Level V; (3) as to Possession of Burglary Tools, three years at Level V, suspended after two years for decreasing levels of supervision; and (4) as to Criminal Mischief, 30 days at Level V, suspended for three months of probation.[4] In other words, under the then-extant Habitual Criminal Act, Williams was required to receive a minimum sentence of 16 years for the Attempted Burglary charges; at sentencing, he received a sentence of 24 years for those charges, along with an additional two years for other charges for which he was not declared a habitual criminal.

2. Williams requests a certificate of eligibility to file a petition seeking exercise of the Court's jurisdiction to modify the sentence under recently enacted 11 *Del. C.* § 4214(f).[5] That subsection permits a defendant sentenced as a habitual

---

[2] D.I. 11. 11 *Del. C.* § 4214(a) (Supp. 1996) (providing that a person previously convicted of at least three separate, successive felonies, who thereafter is convicted of a fourth felony, could be declared a habitual criminal). Williams' initial motion indicated he was sentenced under Section 4214(b), but Williams concedes that was a typographical error. *See* D.I. 172 at ¶1.

[3] 11 *Del. C.* § 4214(a) (Supp. 1996).

[4] *State v. David M. Williams*, ID No. 9803018202B (Del. Super. Oct. 9, 1999) (SENTENCING ORDER).

[5] D.I. 168; Del. Super. Ct. Spec. R. 2017-1(c)(2), (3).

criminal before July 19, 2016 "to a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to subsection (a) of this section" to petition the Superior Court for sentence modification after the defendant has "served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by this section or the statutes describing said offense . . . ."[6]

3.    The State responded,[7] opposing Williams' Request on the basis that Williams is not eligible for review under Section 4214(f).[8] The State agrees that Williams has met the second prong for relief under Section 4214(f) by serving the 8-year minimum mandatory sentence he would be required to serve under the current habitual criminal act. The State argues, however, that Williams does not meet the first prong of Section 4214(f) because his original sentence exceeded the minimum mandatory sentence that applied at the time of sentencing. The State argues:

> [Williams'] sentence on each Attempted Burglary Second Degree exceeded the minimum mandatory period of incarceration by 4 years Level 5. The application of prior 11 *Del. C.* § 4214(a) did not eliminate any discretion afforded to the Court and therefore Defendant is not subject to a sentence review pursuant to 11 *Del. C.* § 4214(f). The legislative intent of Senate Bill 163, as evidenced by House Bill 18, was not to allow for a sentence review of *discretionary* sentences imposed pursuant to 11 *Del. C.* § 4214(a).[9]

---

[6] 11 *Del. C.* § 4214(f).
[7] *See* Del. Super. Ct. Spec. R. 2017-1(c)(5) (providing that the Attorney General shall file a written response to a request for certificate of eligibility).
[8] D.I. 170.
[9] *Id.* at 3.

4.      The State's response refers to the legislative intent of Senate Bill 163 and House Bill 18,[10] which collectively amended 11 *Del. C.* § 4214, the habitual criminal statute. In 2016, the General Assembly enacted Senate Bill 163, which entirely rewrote the previous version of the habitual criminal statute, which was the statute under which Williams was sentenced.[11] Senate Bill 163 changed some of the circumstances under which a person could be declared a habitual offender and some of the mandatory sentences associated with a habitual offender designation. As indicated above, Section 4214(f) gave some offenders sentenced under the old version of the law an opportunity to petition the Court to reconsider their sentences. In April 2017, before Williams filed his Request, the General Assembly further amended Section 4214(f) by adopting House Bill 18. House Bill 18 clarified that the right to petition the Court for reconsideration was limited to a person sentenced under the old version of the law to "a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to 4214(a) of this title . . . ." The synopsis to House Bill 18 explained that the amendment to Section 4214(f) was intended to clarify "the legislature's intent to focus upon the minimum mandatory sentences imposed by the habitual offender statute, as

---

[10] 81 Del. Laws, c. 6, §§ 1-3.
[11] 80 Del. Laws c. 321, § 1.

4

opposed to those sentences where sentencing judges have complete discretion with respect to sentencing."[12]

5. Williams interprets Section 4214(f) differently than does the State. Williams argues he received a "hybrid sentence of mandatory and discretionary level 5 incarceration" and he "is not seeking a review or modification of the discretionary portion of his original sentence but rather a review and modification of the statutory maximum penalty that was imposed."[13]

6. After the parties submitted their arguments on Williams' Request, this Court became aware that the Delaware Supreme Court was considering an appeal raising the issues presented by Williams' motion, namely whether a defendant who received more than the minimum mandatory sentence under the prior version of Section 4214(a) is eligibile for sentence review under Section 4214(f). This Court therefore stayed consideration of Williams' Request until the Delaware Supreme Court issued its decision.[14]

7. On April 24, 2018, the Delaware Supreme Court issued its decision in *Clark v. State*, addressing a defendant's eligibility for sentence review under Section 4214(f) when the sentencing judge exercised his discretion and exceeded the minimum sentence under Section 4214(a) of the old version of the habitual

---

[12] 81 Del. Laws, c. 6, §§1-3.
[13] D.I. 172 at ¶¶ 4-5.
[14] D.I. 177.

5

criminal statute.[15] In *Clark*, the minimum sentence the judge could have imposed for the felony for which Clark was declared habitual was five years; the sentencing judge, however, imposed a fifteen-year period of incarceration.[16] The Delaware Supreme Court held "[b]ecause the sentencing judge exercised his discretion under § 4214(a) to sentence Clark to fifteen years of Level V incarceration instead of five years of Level V incarceration, Clark did not receive a 'minimum sentence of not less than the statutory maximum penalty for a violent felony.'"[17] The Supreme Court therefore held Clark was not eligible for relief under Section 4214(f).[18] Shortly thereafter, in *Durham v. State*, the Supreme Court reiterated that ruling, holding that Durham, who was facing a minimum sentence of 20 years under Section 4214(a), but received a sentence of life imprisonment, was not eligible for sentence review under Section 4214(f) because Durham "did not receive 'a minimum sentence of not less than the statutory maximum penalty for a violent felony.'"[19]

8.     After reviewing the Supreme Court's decisions in those cases, this Court invited the State and Williams' counsel to file supplemental submissions addressing the effect of *Clark* and *Durham* on Williams' Request.[20] The State filed

---

[15] 2018 WL 1956298 (Del. Apr. 24, 2018).
[16] *Id.* at *3.
[17] *Id.*
[18] *Id.*
[19] 2018 WL 2069057, at *1 (Del. May 2, 2018).
[20] D.I. 183.

a letter arguing Williams' case is indistinguishable from *Clark*, and Williams' Request therefore should be denied for the reasons set forth in *Clark*. Williams did not file a supplemental submission.

9.     The Court may consider a Request for a certificate of eligibility "without presentation, hearing, or argument unless otherwise ordered by the court."[21] The Court will decide this request on the papers filed.

10.     At the time of Williams' sentencing, the sentencing judge could not impose a sentence of less than 8 years for each of the two attempted burglary charges for which Williams was declared a habitual offender. The sentencing judge exceeded that minimum, exercised his discretion, and imposed a sentence of twelve years for each of the two attempted burglary charges. As in *Clark* and *Durham*, because the sentencing judge exercised discretion under the then-extant version of Section 4214(a) to exceed the minimum sentence, Williams did not receive "a minimum sentence of not less than the statutory maximum penalty for the violent felony." Accordingly, Williams is not eligible for sentence review under Section 4214(f).

---

[21] Del. Super. Ct. Spec. R. 2017-1(c)(6).

7

**FOR THE FOREGOING REASONS, IT IS ORDERED** that David M. Williams' Request for Certification of Edibility is **DENIED**.

Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Timothy Weiler, Esquire
       Joseph S. Grubb, Deputy Attorney General